## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LARA CHERVENITSKI,                        :        No. 3:06cv2041
                          **Plaintiff**   :
                                          :        **(Judge Munley)**
          **v.**                          :
                                          :
**COUNTY OF LUZERNE**                     :
**DISTRICT ATTORNEY'S OFFICE,**           :
                          **Defendant**   :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

_____Before the court for disposition is the defendant's motion for summary judgment in this pregnancy discrimination in employment action. The matter has been briefed and is ripe for disposition.  For the reasons that follow, the motion will be denied.

**Background**

Defendant employed plaintiff as a per diem temporary employee. During her tenure a full-time position opened up for a Clerk Typist I.  At this time, plaintiff was pregnant.  She and another per-diem employee, Denise Totino, applied for the full-time position.  The defendant hired Totino for the full-time position instead of the plaintiff.

Plaintiff instituted the instant lawsuit alleging that she was not hired for the full-time position because of her pregnancy pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (hereinafter "Title VII") and the Pennsylvania Human Rights Act, 43 PA. CONS. STAT. ANN. § 951 *et seq*. (hereinafter "PHRA").

**Jurisdiction**

As this case is brought pursuant to Title VII for unlawful employment discrimination, we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We  have

supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the

2

nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Plaintiff brings suit pursuant to both Title VII and the PHRA for pregnancy discrimination.[1]  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin[.]"  42 U.S.C. § 2000e-2(a)(1).  The term "because of sex" includes discrimination on the basis of pregnancy and women affected by pregnancy and childbirth.  42 U.S.C. § 2000e(k).

An employment discrimination case can proceed on two different theories, either direct evidence or indirect evidence of discrimination. Plaintiff is proceeding with a "direct evidence of discrimination" theory. "Direct evidence" of discrimination is evidence that if believed would prove the discrimination without inference or presumption.  Torre v. Casio, Inc. 42 F.3d 825, 829 (3d Cir. 1994).  When direct evidence is offered to prove that an employer discriminated, the familiar burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), is not utilized,

---

[1]Pennsylvania courts interpret the PHRA in the same manner as its federal counterparts such as Title VII.   See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir.1996) ( "Pennsylvania courts ... generally interpret the  in accord with its federal counterparts ...." ).   Thus, our analysis of the Title VII claim will also apply to the plaintiff's PHRA claim.

and the case proceeds as an ordinary civil suit.  Id. at n3.

Plaintiff has presented direct evidence of discrimination.  The job notice, for the position in question, indicated that anyone interested in the position should contact Joseph Carmody, the First Assistant District Attorney.  (Doc. 29-3, Pl. Ex. B, Job Posting).  Plaintiff applied for the position.  (Doc. 29-2, Pl. Ex. A, Pl. Dep. at 33).   Ultimately, however, she was not hired for the position.  According to the plaintiff, Carmody  told her that she did not obtain the job because she was going on maternity leave.  (Doc. 29-2, Pl. Dep. at 34).  He further informed her that he would try and make her a full-time employee when she returned from maternity leave.  (Id.).  This evidence is direct evidence discrimination based upon pregnancy.

On the other hand, the defendant has presented evidence that plaintiff met with Carmody once in regard to her employment.   Instead of telling her that she was not hired because of her pregnancy, Carmody told plaintiff that he did not know that she sought full-time employment and that if he had known, he would have supported her application.  (Doc. 21-6, Carmody Dep. at 17-18).  Defendant has also presented evidence that plaintiff was not hired for the job because the person who was hired was more qualified in that she had a better work ethic, a better ability to work well with others in the office and a better attitude.  (Doc. 21-3, Affidavit of David Lupas at ¶ 7).

Thus, a genuine issue of material fact exists as to the true reason for plaintiff not being hired for the full-time position.  Summary judgment is not appropriate, and the defendant's motion will be denied.

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARA CHERVENITSKI,** | : | **No. 3:06cv2041** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **COUNTY OF LUZERNE** | : | |
| **DISTRICT ATTORNEY'S OFFICE,** | : | |
| **Defendant** | : | |

## ORDER

_____**AND NOW**, to wit, this 14th  day of February 2008, the defendant's motion for summary judgment (Doc. 20) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

5